UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61252-CIV-COHN/SELTZER

MICHELLE and GREGORY BARKLEY,
husband and wife, in their individual capacities,

    Plaintiff,

v.

DEPUTY STEVEN DAVIS and DEPUTY
HERMINIA ZUMBADO, each in his/her official
and individual capacity,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS**
**ORDER GRANTING LEAVE TO AMEND**

THIS CAUSE is before the Court upon Defendants Steven Davis and Herminia Zumbado's Motion to Dismiss Counts I and IV of Complaint [DE 6]. The Court has carefully considered the motion, response, and reply thereto and is otherwise fully advised in the premises. This motion became ripe on November 16, 2007.

I.  BACKGROUND

Gregory Barkley ("Mr. Barkley") and his wife, Michelle Barkley ("Mrs. Barkley") (collectively, "Plaintiffs"), filed this federal civil rights and state court tort action against two Broward Sheriff's Deputies, Steven Davis and Herminia Zumbado ("Defendants"), stemming from Plaintiffs' arrests on November 25, 2005. Plaintiffs allege violations of the federal civil rights pursuant to 42 U.S.C. § 1983 (Count I), for malicious prosecution (Counts II and III), for false arrest/false imprisonment under state law (Count IV), for assault (Count V) and battery (Count VI).

According to the Complaint, after being ticketed for illegal parking in front of a

Publix supermarket, Mr. Barkley, while driving away with Mrs. Barkley and their three children cursed at Deputy Davis. Deputy Davis then got in his car, turned on his emergency lights and ordered Mr. Barkley to pull over. After driving a short distance to pull over at a safe area and calling over an eyewitness to observe, Mr. Barkley exited the vehicle upon Deputy Davis' demand. Deputy Davis then required Mr. Barkley to lie on the ground, whereupon he placed his knee on Mr. Barkley's back and placed him under arrest for reckless driving and resisting arrest without violence. Other officers arrived and Mr. Barkley was placed in a police car. His subsequent prosecution on these charges resulted in a not guilty verdict.

Upon seeing her husband on the ground, Mrs. Barkley exited their vehicle and approached Mr. Barkley and Deputy Davis. Mr. Barkley directed his wife to return to the vehicle. Deputy Davis pulled Mrs. Barkley out of the vehicle, and utilized his taser on her two (his report) to five (eyewitness testimony) times. Mrs. Barkley was arrested for battery on an officer and obstruction with violence. The charges against her were not pursued by the State Attorney. She allegedly suffered injuries during her arrest.

## B. DISCUSSION

Defendants have moved to dismiss Counts I and IV of the Complaint for failure to state a claim. Defendants argue that Plaintiffs have failed to give proper notice of the nature of their claims in Count I of the Complaint, in that various claims such as false arrest, illegal search (of vehicle), and excessive force appear to be stated, but are not separately described. In addition, both Defendants are lumped together within Count I, even though the claim against Deputy Zumbado is largely a claim for her

inaction in stopping Deputy Davis from committing constitutional violations.[1] In opposition to this motion, Plaintiffs confirm that they in fact do have at least three separate claims within Count I, and argue that because Defendants have already figured this fact out, that the Complaint is sufficient notice.

In <u>Anderson v. District Board of Trustees of Central Florida Community College</u>, 77 F.3d 364, 366-67 (11th Cir. 1996), the Court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

<u>See also</u> <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996), *cert. denied*, -- U.S. --, 117 S. Ct. 946, 136 L. Ed.2d 834 (1997) <u>and</u> <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995). This court shares that experience, particularly in actions where myriad legal theories are consolidated into a single count. Such "shotgun" pleading imperils fundamental principles of due process. Rule 10(b) of the Federal Rules of Civil Procedure expresses the view that a well-pleaded complaint contains only one claim per count. This Court agrees therefore with Defendants that as pled Count I violates Rule 10(b) and raises due process concerns. Plaintiffs must amend their Complaint to separate out the different claims into separate counts per

---

[1] Plaintiffs state in opposition to the motion that claims against Deputy Zumbado are both for her inaction and for her handcuffing of Mr. Barkley. Because of the different actions of each Defendant, and the different theories of liability as to each defendant, the claims against each should be in separate counts.

offense and per Defendant.[2]

Turning next to Count IV, Defendants argue that Florida Statute Section 768.28(9)(a), Defendants are immune from individual liability for the state tort alleged to be committed by unlawful and unreasonable conduct.  Plaintiff opposes this motion by stating that an allegation of malicious acts was inadvertently left out of the Complaint and implied by the entire Complaint.  The Court therefore agrees with Defendant that the claim as stated is insufficient and should be amended.

Finally, Defendants seek dismissal of claims brought against the Deputies in their official capacity.  The Court notes that when a plaintiff sues a municipal officer in his official capacity under 42 U.S.C. § 1983, the suit is simply "another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted).  Therefore, official capacity suits against municipal officers are actually suits directly against the municipality that the officer represents.  Id. at 165-66.   Plaintiffs have not named the Broward Sheriff's Office as a defendant in this action.  Either way, the motion to dismiss the official capacity suit is granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Counts I and IV of the Complaint are hereby **DISMISSED**, without prejudice, and with leave to Plaintiff to file an amended complaint by January 8, 2007 for purposes of curing the noted pleading defects;

---

[2] The Court does not rest its conclusions on what Defendants view as a Section 1983 heightened pleading standard in the Eleventh Circuit as to defendants who can raise a qualified immunity defense.  The Court need not decide this issue in reaching the conclusion that Count I must be separated into distinct counts by claim and by defendant.

2. In redrafting the complaint, counsel is requested to ensure that each legal claim advanced is set forth in a separate count, *e.g.*, if a plaintiff is alleging false arrest, illegal search (of vehicle), and excessive force, each of those claims requires a separate count against each Defendant;

3. The claims against Defendants in their official capacity are hereby **DISMISSED**.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 21st day of December, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of Record on CM/ECF