UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61252-CIV-COHN/SELTZER

MICHELLE and GREGORY BARKLEY,
husband and wife, in their individual capacities,

       Plaintiff,

v.

DEPUTY STEVEN DAVIS and DEPUTY
HERMINIA ZUMBADO, each in his/her official
and individual capacity,

       Defendants.
_____/

## ORDER DENYING MOTION IN LIMINE

THIS CAUSE is before the Court upon Defendants' First Motion in Limine [DE 43] to Exclude Evidence Pertaining to Defendants' Personnel Performance Reviews and Disciplinary Records and/or History. The Court has carefully considered the motion, response [DE 50], the argument of counsel at the Calendar Call held on July 3, 2008, and is otherwise fully advised in the premises.

Defendants seek to exclude any performance reviews in their personnel files and any disciplinary history as irrelevant to what occurred on November 25, 2005, and/or as improper prior bad acts evidence under Fed. R. Evid. 404(b), and as highly prejudicial under a Fed. R. Evid. Rule 403 analysis.  Deputy Davis did receive negative performance reviews while employed in the City of Oakland Park that called into question how his emotions sometimes improperly drive his actions.  In his deposition in which these reports were introduced, Deputy Davis explains that the negative reports were part of a power struggle between the Police Chief, the union, and the City Council

in Oakland Park, as Davis was aligned with one faction but his superiors were aligned with another. Plaintiffs argue that Deputy Davis' prior performance reviews prove their exact point that his emotions influence his behavior. Under Fed. R. Evid. Rule 404(b), they argue that his past actions show his motive and intent to get back at the Barkleys for Mr. Barkley cursing at him.

Defendants cite to Government of Virgin Islands v. Texido, 89 F.Supp.2d 680, 684 (D.V.I. 2000). In this criminal case, the District Court affirmed the territorial trial court's preclusion of the defendant from cross-examining a police witness about a nine year-old administrative complaint for which the witness was cleared. As the Barkleys point out, the Texido decision is distinguishable because the witness was officially cleared of the charges, the witness was not a party to the action as Deputy Davis is here, and there was no showing that the charges were related to the conduct alleged in the present case.

Plaintiffs rely on the more factually similar case, Carson v. Polley, 689 F.2d 562, 571-73 (5th Cir. 1982), wherein the Fifth Circuit reversed the trial court's refusal to allow plaintiff to introduce negative personnel reports against police officer defendants in this civil rights action. The Court held that the reports were permissible under Rule 404(b) as they tended to show "intent" in using excessive force, and also to impeach the officer who stated that he did not have problems controlling his temper.

In determining whether the evidence of prior bad conduct is admissible, the prior Fifth Circuit decision in U.S. v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) states the standard.

>First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

A trial judge must also determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense. Id. at 913. A judge can only exclude the evidence at this point "where the jury could not reasonably find the preliminary fact to exist." Id. at 913, quoting 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5054, at 269 (1977). Although the Defendant has alternate explanations as to why the negative performance reviews were placed in his file, this Court can find that it is reasonable for a jury to conclude that the negative performance reviews did occur.

The negative performance reviews and disciplinary history are relevant to the issues of intent and/or motive as to support Plaintiff's theory that Deputy Davis pursued Mr. Barkley after he cursed at the Deputy because Davis was angry and emotional, rather than that Mr. Davis violated any traffic laws, thus obviating any probable cause for arrest and later prosecution. This probative value is not substantially outweighed by the prejudice to Defendants.

In addition, as in Carson v. Polley, *infra*, the negative performance reviews may also be admissible as impeachment. At this pretrial stage, the Court is not in a position to rule on whether the alternative ground of admissibility as impeachment is appropriate.

3

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' First Motion in Limine [DE 43] is hereby **DENIED**.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 8th day of July, 2008.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:
Counsel of Record on CM/ECF