UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61252-CIV-COHN/SELTZER

MICHELLE and GREGORY BARKLEY,
husband and wife, in their individual capacities,

    Plaintiff,

v.

DEPUTY STEVEN DAVIS and DEPUTY
HERMINIA ZUMBADO, each in his/her official
and individual capacity,

    Defendants.
_____/

## ORDER GRANTING MOTION TO GRANT COSTS

THIS CAUSE is before the Court upon Defendants' Motion to Tax Costs [DE 86]. The Court has carefully considered the motion and is otherwise fully advised in the premises. Plaintiffs have not responded to the motion, and the time for such a response passed on January 27, 2009.[1]

On August 29, 2008, this Court granted final judgment in favor of Defendants on Plaintiffs' claims. Defendants timely moved for costs on September 26, 2008. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire &

---

[1] The time to respond was extended both before and after the Court allowed Plaintiff's Counsel to withdraw [DE's 88 and 90].

Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

 A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In the present case, Defendants seek costs totaling $5,342.74 for the following items: (1) fees for service of subpoenas ($183.00); (2) fees for the court reporter and transcripts of certain depositions ($3,817.16); (3) fees for copying and exemplification ($1,342.58).  Upon reviewing Defendants' motion and accompanying affidavits and exhibits, the Court finds the cost request reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Tax Costs [DE 86] is hereby **GRANTED**;

2. The Court shall separately enter a cost judgment in favor of Defendants.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 13th day of February, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:

Greg and Michelle Barkley
2509 NW 9th Avenue
Apt B-7
Fort Lauderdale, FL 33311

Robert Schwartz, Esq./Alan Boileau, Esq.